IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CIVIL ACTION

CASE NO.:

JUDITH BUCO and ROBERT BUCO,

Plaintiffs,

v.

DISNEY VACATION CLUB
MANAGEMENT, LLC, a Florida Limited
Liability Company,

Defendant
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

JUDITH BUCO and ROBERT BUCO, ("Plaintiffs"), sue Defendant, DISNEY VACATION CLUB MANAGEMENT, LLC ("Defendant"), alleging as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, Rhode Island and Florida.

2. At all times material hereto, Plaintiff, JUDITH BUCO, was a citizen of the State of Rhode Island.

3. At all times material hereto, Plaintiff, ROBERT BUCO, was a citizen of the State of Rhode Island.

4. At all times material hereto, Defendant, DISNEY VACATION CLUB MANAGEMENT, LLC, (hereinafter "DVCM") is a Florida Limited Liability Company, organized under the laws of the State of Florida. For purposes of diversity jurisdiction, an LLC possesses the citizenship of each of its members.

5. Disney Vacation Development, LLC, a Florida Limited Liability Company, is the sole member of DVCM with its principal place of business located at 215 Celebration Place, Suite 300, Celebration, Florida.

6. Disney Vacation Development, LLC's sole member is Disney Worldwide Services, Inc., incorporated in the state of Florida, and a citizen of the State of Florida, with its principal place of business located at 1375 Buena Vista Street, 4th Floor North, Lake Buena Vista, Florida.

7. DVCM, by virtue of its Florida citizen member Disney Worldwide Services, Inc., is a citizen of the State of Florida.

8. There is complete diversity of citizenship between Plaintiffs, citizens of the state of Rhode Island, and Defendant, a citizen of the state of Florida pursuant to 28 U.S.C. §1332(a)(1).

9. Venue is proper under U.S.C. §1391(b)(2) in this judicial district insofar as the cause of action presented herein arose in or about Lake Buena Vista, Orange County, Florida within the territorial boundaries of the United State District Court for the Middle District of Florida.

10. As a direct result of the fall, Plaintiff, JUDITH BUCO, suffered serious physical injuries, including but not limited to:

a. Fractured shoulder;

b. Fractured pelvis; and

c. Dislodgement of a pre-existing medical device, pessary, which physically supports the bladder, requiring medical intervention

11. Plaintiff, JUDITH BUCO, required hospitalization, surgical evaluation, extensive medical treatment, rehabilitation, and continues to experience physical pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life; medical expenses; (past and future) and those damages are in excess of $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

12. On August 25, 2026, Plaintiff, JUDITH BUCO, a 76-year-old business invitee, was lawfully on the premises as a registered guest of DVCM at Disney's Rivera Resort located at 1080 Esplanade Ave, Lake Buena Vista, Florida.

13. DVCM owns, operates, manages, maintains, and controls Disney's Riviera Resort, including all common areas, guest facilities, and equipment such as ice machines.

14. Plaintiff, JUDITH BUCO, walked to the designated ice machine room on the East Wing, 5th floor at the Disney Riviera Resort to fill an empty glass with ice.

15. Upon entering the ice machine room, Plaintiff, JUDITH BUCO, slipped and fell on accumulated water on the tile floor.

16. The water originated from a leaking ice machine, which had been leaking for a period sufficient to cause water to accumulate, darkening of the tile grouting, drying of water -- creating stains on the tile floor with track marks through dirty, smudged, and scuffed water imprints. *See* **Exhibits 1-7**, Photographs.

17. Plaintiff, JUDITH BUCO, could not see the water on the ice room floor before she slipped on it, as it blended in with the water-stained tile floor.

**COUNT I – PREMISES LIABILITY**
**NEGLIGENCE AGAINST DISNEY VACATION CLUB MANAGEMENT, LLC**

18. Plaintiff, JUDITH BUCO, realleges and incorporates paragraphs 1-17, as if fully set forth herein.

19. DVCM owed a legal duty to exercise reasonable care to maintain its premises, including the ice machine room's floor, in a reasonably safe condition for

the safety of business invitees on the premises; and to remedy the dangerous condition of which it had actual or constructive knowledge prior to the Plaintiff, JUDITH BUCO's, fall.

20. DVCM knew that the dangerous condition of water leaking from the ice machine existed for such a length of time that, in the exercise of ordinary care, it should have known of the condition and/or that the condition (i.e. water on the ice room floor where it does not belong) occurred with regularity and was therefore foreseeable.

21. DVCM knew, or should have known, of the dangerous condition of the ice machine room prior to Plaintiff, JUDITH BUCO's, fall through:

a. Maintenance records;

b. Reports;

c. Routine inspections;

d. Staff observations; and/or

e. The length of time the water had been present.

22. On August 25, 2026, the area where the ice machine was located was tiled and not covered by any floor mat, rug, or similar material to soak up water emanating from the ice machine.

23. DVCM, through its employees and/or agents, breached its duty of care owed to the Plaintiff, JUDITH BUCO, as a business invitee, by:

a. Negligently failing to maintain the premises in a reasonably safe condition;

b. Negligently allowing the water to accumulate on the ice machine room floor;

c. Negligently failing to inspect or adequately inspect the premises/flooring, to ascertain whether the transitory foreign substance constituted a slip hazard to pedestrians utilizing the premises, including the Plaintiff;

d. Negligently failing to monitor the area for transitory substances;

e. Negligently failing to correct a dangerous condition that it knew or reasonably should have known existed;

f. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

g. Negligently failing to repair the leaking ice machine; and

h. Negligently failing to place mats or absorbent materials on the floor.

24. As a direct and proximate result of DVCM's breach of its duty of reasonable care to maintain its premises in a safe condition owed to the Plaintiff, JUDITH BUCO, fell and suffered bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of pre-existing medical conditions, and has incurred medical expenses in the past and will in the future.

WHEREFORE, Plaintiff, JUDITH BUCO, demands judgment for damages in excess of $75,000 against Defendant, DISNEY VACATION CLUB

MANAGEMENT, LLC, together with costs and such other relief as this Court deems appropriate.

**COUNT II – NEGLIGENT FAILURE TO WARN AGAINST DISNEY VACATION CLUB MANAGEMENT, LLC**

25. Plaintiff, JUDITH BUCO, realleges and incorporates paragraphs 1-17, as if fully set forth herein.

26. DVCM owed a legal duty to its business invitees, including the Plaintiff, JUDITH BUCO, to warn her of the concealed perils of the dangerous condition posed by water on the floor; which were known or should have been known by DVCM, but not known to Plaintiff, JUDITH BUCO, and which, by the exercise of due care, could not be known to her.

27. DVCM's knowledge of the dangerous condition was, or should have been, greater than Plaintiff JUDITH BUCO.

28. DVCM, through its employees and/or agents, breached its duty of care owed to the Plaintiff, JUDITH BUCO, as a business invitee, by:

a. Negligently failing to adequately warn the Plaintiff of the danger of the wet flooring in the ice machine room, when Defendant knew or through the exercise of reasonable care should have known that the flooring was unreasonably dangerous when wet and that Plaintiff was unaware of same;

b. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring and warn of the dangerous conditions;

c. Negligently failing to train and/or adequately train its employees to inspect for, cleaning up and/or warning about a dangerous condition that the Defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable; and

d. Negligently failing to provide adequate warnings, such as placing caution signs, cones or barricades in the area.

29. As a direct and proximate result of DVCM's breach of its duty to warn of the concealed perils of the dangerous condition on the ice machine room's floor, Plaintiff, JUDITH BUCO, fell and suffered bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of pre-existing medical conditions, and has incurred medical expenses in the past and will in the future.

WHEREFORE, Plaintiff, JUDITH BUCO, demands judgment for damages in excess of $75,000 against Defendant, DISNEY VACATION CLUB MANAGEMENT, LLC, together with costs and such other relief as this Court deems appropriate.

**COUNT III**
**CONSORTIUM CLAIM OF ROBERT BUCO**

30. Plaintiff, ROBERT BUCO, realleges and incorporates paragraphs 1-17; 19-24; 26-29, as if fully set forth herein.

31. At all times material hereto, ROBERT BUCO, was legally married to Plaintiff, JUDITH BUCO.

32. As a direct and proximate result of DVCM's negligence, ROBERT BUCO has lost the comfort, companionship, society, and loss of services of his spouse, JUDITH BUCO.

WHEREFORE, Plaintiff, ROBERT BUCO, demands judgment for damages in excess of $75,000 against Defendant, DISNEY VACATION CLUB MANAGEMENT, LLC together with costs and such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs, JUDITH BUCO and ROBERT BUCO, hereby demand trial by jury of all issues triable as of right by a jury.

Dated: October 7, 2026

*/s/ Howard S. Grossman*

Howard S. Grossman, Esq.
Fla. Bar No.: 454771
Grossman Attorneys at Law
1098 NW Boca Raton Blvd.
Boca Raton, FL, 33432
Tel: (561) 368-8048
Fax: (561) 391-1193
Email: howard@grossmanattorneys.com
pleadings@grossmanattorneys.com